# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **EVERTON EVERALL THOMAS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:23-CV-01063-DII-SH** |
| | § | |
| **KILOLO KIJAKAZI,** *in her Official* | § | |
| *Capacity as Acting Commissioner of the* | § | |
| *Social Security Administration***,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE DISTRICT COURT**

Before the Court are Defendant Kilolo Kijakazi's Motion to Dismiss, filed September 20, 2023 (Dkt. 3), and Plaintiff Everton Everall Thomas's "Petition the Court and the Judge for Legal Assistance and an Attorney," filed October 25, 2023 (Dkt. 5). The District Court referred to this Magistrate Judge all dispositive motions in this case for report and recommendation and all nondispositive motions for resolution, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 6.

## I.    Background

Thomas, proceeding *pro se*, filed this lawsuit in Justice of the Peace Court in Bell County, Texas, against Kijakazi in her official capacity as Acting Commissioner of the Social Security Administration. Petition, Dkt. 1-1. Thomas alleges that on March 6, 2023, the "Local Office" of the Social Security Administration refused to give him "the information that I needed to verify that the Ex-wife is illegally collecting money from my Social Security benefit and refuses to take my divorce decree and implement the corrective action." *Id.* at 3. Thomas asks the Court to order the

Social Security Commission to return $1,032 in Social Security benefits sent to his ex-wife for the care of their minor son under a divorce decree. *Id.* at 1; Dkt. 7 at 40-41. Thomas also seeks $20,000 in damages and to charge his ex-wife with "federal criminal activities." Dkt. 1-1 at 1.[1]

The Commissioner removed the case to this Court under 28 U.S.C. § 1442(a)(1), which permits removal of cases brought against an agency or officer of the United States. Dkt. 1 at 1-2. She seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim under Rule 12(b)(6). Dkt. 3. Thomas has not filed a response to the motion to dismiss, and the District Court ordered him to show cause why the motion should not be granted. Dkt. 4. The District Court warned Thomas that "[f]ailure to do so may result in the dismissal of this action with prejudice." *Id.* Thomas then filed his "Petition the Court and the Judge for Legal Assistance and an Attorney," asking the Court to appoint an attorney and again accusing his ex-wife of misdeeds. Dkt. 5 at 1. This filing addresses none of the Commissioner's arguments for dismissal, and the Court recommends that the District Court dismiss this case for lack of subject matter jurisdiction.

## II.    Legal Standards

When a Rule 12(b)(1) motion is filed alongside a Rule 12(b)(6) motion, the court should consider the jurisdictional attack first. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). Subject matter jurisdiction is "essential for the federal judiciary to hear a case." *Lamar Co. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). A court properly dismisses a case for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "Ultimately, a motion to

---

[1] Thomas also sued Krista A. Boyd, the Inspector General for the United States Office of Personnel Management, making similar allegations regarding his ex-wife and his federal dental insurance benefits. The Court dismissed that case for want of prosecution and failure to serve. *Thomas v. Boyd*, No. 1:23-CV-939-RP (W.D. Tex. Oct. 18, 2023).

dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone, (2) the complaint plus undisputed facts evidenced in the record, or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Wolcott*, 635 F.3d at 762. A court's dismissal of a case due to a lack of subject matter jurisdiction is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming*, 281 F.3d at 161. Such a dismissal should be made without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

### III.    Analysis

The Commissioner argues that Thomas's suit should be dismissed because it is barred by sovereign immunity, a "jurisdictional bar" to suit. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). The "basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (quoting *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983)). Federal courts do not have subject matter jurisdiction over claims against the United States unless the government has waived its sovereign immunity. *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). A claim against a federal officer in her official capacity requires a waiver of immunity. *Danos*, 652 F.3d at 581. Because sovereign immunity is jurisdictional, Congress must have unequivocally expressed its waiver in statutory text. *Freeman*, 556 F.3d at 335. The plaintiff has

the burden "of showing Congress's unequivocal waiver of sovereign immunity." *St. Tammany Par. ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009).

Thomas identifies no waiver of sovereign immunity that would allow this case to proceed; nor could he, because there has been no waiver as to his claims. Thomas has not carried his burden to show an "unequivocal waiver of sovereign immunity." *Id.*

Thomas alleges that employees at the "Local Office" of the Social Security Administration refused to help him change his benefits distribution. Dkt. 1-1 at 3. The court must liberally construe a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even if the Court construes his pleadings as asserting a claim under the Federal Tort Claims Act ("FTCA") or seeking judicial review of a final decision on Social Security benefits by the Commissioner under 42 U.S.C. § 405(g), the Court lacks subject matter jurisdiction under the derivative jurisdiction doctrine, which applies to cases removed under 28 U.S.C. § 1442. *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351 (5th Cir. 2014). In such cases, the doctrine provides that "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Id.* at 350. If the state court "lacks subject matter jurisdiction, no jurisdiction is added by removal to federal court." *Equity Tr. Co. v. McDonald*, 806 F.3d 833, 834 (5th Cir. 2015).

The FTCA grants "exclusive jurisdiction" to federal courts under 28 U.S.C. § 1346(b)(1). An action under 42 U.S.C. § 405(g) also "shall be brought in the district court of the United States" against the Commissioner. The waiver of immunity in the FTCA and Section 405(g) applies to lawsuits brought in federal court, and state courts lack jurisdiction over them. *Lopez*, 749 F.3d at 351; *Butler v. Aune*, No. SA-22-CV-0632-JKP, 2022 WL 5027713, at *1 (W.D. Tex. Oct. 4, 2022); *Jones v. Soc. Sec. Admin.*, No. 3:18-CV-1792-L, 2018 WL 5631504, at *3 (N.D. Tex. Oct. 31, 2018).

The state court did not have jurisdiction over Thomas's claims against the Commissioner, and because she removed this case under 28 U.S.C. § 1442, the Court lacks derivative jurisdiction. This Magistrate Judge recommends that the District Court dismiss Thomas's claims for lack of subject matter jurisdiction.

Because the Court lacks jurisdiction over Thomas's claims, it does not consider the Commissioner's motion to dismiss under Rule 12(b)(6).

### IV.   Order on Motion for Appointment of Counsel

The Court understands Thomas's "Petition the Court and the Judge for Legal Assistance and an Attorney" as a motion to appoint counsel. He asks the Court to appoint him an attorney because he is "blacklisted, so [he is] not able to retain an attorney." Dkt. 5 at 1.

A *pro se* plaintiff in a civil case "has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A court is "not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). In evaluating whether exceptional circumstances exist, courts should consider the type and complexity of the case, the litigant's ability to investigate and present the case, the level of skill required to present the evidence, and the likelihood that appointment of counsel will promote judicial efficiency. *Id.*

Thomas has not shown exceptional circumstances. He does not show that he cannot afford counsel, and his allegation that he is "blacklisted" does not justify appointment of counsel under the relevant factors. For these reasons, the Court **DENIES** Plaintiff Everton Everall Thomas's "Petition the Court and the Judge for Legal Assistance and an Attorney" (Dkt. 5).

## V.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Kilolo Kijakazi's Motion to Dismiss (Dkt. 3) and **DISMISS** Plaintiff Everton Everall Thomas's claims against her for lack of subject matter jurisdiction.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 26, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE